IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CHABAD CENTER AT THE UNIVERSITY
OF COLORADO, INC., and
909 14TH STREET LLC

      Plaintiffs,

v.

CHURCH MUTUAL INSURANCE
COMPANY

      Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Church Mutual Insurance Company ("Church Mutual") hereby removes the case captioned *Chabad Center at the University of Colorado, Inc. et al. v. Church Mutual Insurance Company*, from the District Court, City and County of Boulder, State of Colorado, to the U.S. District Court for the District of Colorado on the ground that jurisdiction exists under 28 U.S.C. § 1332. In support of removal under 28 U.S.C. § 1441(b), Church Mutual states as follows:

## BACKGROUND

On or about August 27, 2017, Plaintiffs Chabad Center at the University of Colorado, Inc. (the "Chabad Center") and 909 14th Street LLC ("909 14th Street") (collectively, "Plaintiffs") commenced this action against Church Mutual by filing a Complaint in the District Court, City and County of Boulder, State of Colorado, bearing Civil Action No. 2017CV30848 (the "State

Court Action"). On November 28, 2017, Plaintiffs served the Complaint on Church Mutual. Church Mutual filed its Answer on January 9, 2018.

In the Complaint, Plaintiffs allege that an incident at the Chabad Center, on August 28, 2015, resulted in damage to the property. (*See* Compl., Aug. 27, 2017, attached as Exhibit 1, at ¶¶ 6-9.) Plaintiffs allege that a burning candle accidentally ignited a scrap of paper, which filled the room with smoke and triggered the fire-suppression sprinkler system. (*Id.* at ¶¶ 7-8.) Plaintiffs allege that the property suffered fire, smoke, and water damage as a result of the loss. (*Id.* at ¶ 9.)

Plaintiffs submitted a claim for insurance benefits to Church Mutual. (*See id.* ¶¶ 11-13.) Plaintiffs allege that Church Mutual "failed to properly adjust and reimburse Plaintiffs' [*sic*] for damages and losses relating to their claim." (*Id.* ¶ 17.) Plaintiffs assert three claims for relief: breach of contract, bad faith breach of insurance contract, and violation of C.R.S. §§ 10-3-1115 and 10-3-1116. (*See id.* ¶¶ 19-38.) Plaintiffs seek compensatory damages for the contract and tort claims, and they seek "attorneys' fees and court costs, plus two times the covered benefits pursuant to C.R.S. § 10-3-1116." (*See id.* ¶¶ 24, 31, 38; *see also id.* at 5 (identifying categories of damage in the "wherefore" clause).)

## GROUNDS FOR REMOVAL

### I. TIMELINESS

The face of the complaint did not provide sufficient information to establish jurisdiction under 28 U.S.C. § 1332. Plaintiffs did not identify the Chabad Center's principal place of business, they did not identify the members of 909 14th Street, and they did not aver facts relevant to the citizenship or domicile of those unnamed members. (*See id.* ¶¶ 1-2.) Therefore, on

2

January 19, 2018, Church Mutual served written discovery requests to determine whether jurisdiction existed under § 1332. Plaintiffs served their responses on February 23, 2018. (*See* Pls.' Discovery Resps., Feb. 23, 2018, attached as Exhibit 2.) Those responses revealed—for the first time—that there was complete diversity between the parties, and thus jurisdiction under § 1332.

Therefore, this Notice of Removal is timely filed within thirty days after receipt of "other paper" from which it was first "ascertained that the case is one which is . . . removable." *See* 28 U.S.C. § 1446(b)(3). No previous application for removal has been made.

## II.     JURISDICTION

Pursuant to 28 U.S.C. § 1332, the U.S. District Court for the District of Colorado has jurisdiction because Plaintiffs are citizens of the State of Colorado and Church Mutual is a citizen of the State of Wisconsin, and because the amount in controversy exceeds $75,000.

### A.     Complete diversity exists between the parties.

In analyzing diversity of citizenship, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff the Chabad Center is a non-profit corporation organized under the laws of the State of Colorado, (Compl., Ex. 1, at ¶ 1), and its principal place of business is in Colorado, (Pls.' Discovery Resps., Ex. 2, at 2, RFA 1). Defendant Church Mutual is an insurance company organized under the laws of the State of Wisconsin, and its principal place of business is in Wisconsin. (Compl., Ex. 1, at ¶ 3.) Therefore, the Chabad Center is a citizen of the State of Colorado, and Church Mutual is a citizen of the State of Wisconsin. *See* § 1332(c)(1).

"[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (holding than an LLC "takes the citizenship of all its members"). Plaintiff 909 14th Street is an unincorporated association—a limited liability company organized under the laws of the State of Colorado. (Compl., Ex. 1, at ¶ 2.) Pursuant to sworn interrogatory responses, Plaintiffs identified the members of 909 14th Street as follows: Paul Lev-Ary, Yisroel Wilhelm, and Leah Wilhelm. (Pls.' Discovery Resps., Ex. 2, at 1-2, Rog 1.) Mr. Lev-Ary, Rabbi Wilhelm, and Mrs. Wilhelm are "citizens of and domiciled in the State of Colorado." (*Id.* at 2, Rog 2.) 909 14th Street is a citizen of the State of Colorado because it takes on the citizenship of its three members. *See Siloam Springs*, 781 F.3d 1233 at 1238.

Because Plaintiffs, on the one hand, and Church Mutual, on the other, are citizens of different states, and because Church Mutual is not a citizen of the State of Colorado, complete diversity exists. *See* § 1332(a)(1) & (c)(1).

**B.      The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

The burden on the removing defendant to establish the amount in controversy "is 'rather light' if the sum claimed by the plaintiff exceeds the jurisdictional amount." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting 14B Wright, Miller & Cooper, Fed. Prac. & Proc., § 3702 at 44). "Generally, 'the amount sued for fixe[s] the amount in controversy' for jurisdictional purposes." *Id.* (alteration in original) (quoting *Wabash Ry. v. Vanlandingham*, 53 F.2d 51, 51 (8th Cir. 1931)).

Plaintiffs' initial disclosures conclusively establish that the alleged damages exceed the jurisdictional threshold. (Pls.' Initial Disclosures, Feb. 14, 2018, attached as Exhibit 3, at 3, ¶ C(1).) Therein, Plaintiffs disclosed $78,000 in "[e]conomic damages." (*Id.*) Plaintiffs also seek statutory penalties and attorneys' fees under C.R.S. § 10-3-1116. (Compl., Ex. 1, at ¶ 37.) Moreover, Plaintiffs declared on the Colorado Civil Case Cover Sheet that "[a] monetary judgment over $100,000 is sought by any party against any other single party." (Cover Sheet, Aug. 27, 2017, attached as Exhibit 4, at 1-2, ¶ 2.) Finally, in response to Defendants' written discovery, Plaintiffs admitted that they "seek damages in excess of $75,000, excluding interest and costs." (Pls.' Discovery Resps., Ex. 2, at 3, RFA No. 4.)

Therefore, the relief Plaintiffs seek in the Complaint, exclusive of interest and costs, exceeds the $75,000 amount-in-controversy requirement. *See* § 1332(a).

### III. VENUE

The State Court Action is properly removed to the U.S. District Court for the District of Colorado because it is the district and division embracing the City & County of Boulder, Colorado, where the State Court Action is pending. *See* 28 U.S.C. §§ 1391, 1441(a).

### IV. PROCESS, PLEADINGS, AND ORDERS SERVED

Pursuant to 28 U.S.C. § 1446(a) and the Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of all process, pleadings, and orders available from the State Court Action as of the date of this Notice of Removal will be filed in ECF. Pursuant to D.C.COLO.LCivR 81.1(b), within 14 days of the filing of this notice, Church Mutual shall file a current docket sheet (register of actions) with the Court.

## V. NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiffs, and a Notice of Filing of Notice of Removal will be filed with the Clerk of the Court in the State Court Action.

## VI. NO WAIVER

No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

For the reasons set forth above, Church Mutual gives notice that the State Court Action in the District Court for City & County of Boulder, Colorado, is hereby removed to the U.S. District Court for the District of Colorado.

Dated: March 2, 2018               Respectfully submitted,

*I hereby certify that I am a member in good standing of the bar of this Court*

s/ Anthony C. Barbe
Terence M. Ridley
Anthony C. Barbe
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   ridley@wtotrial.com
Email:   barbe@wtotrial.com

*Attorneys for Defendant*
*Church Mutual Insurance Company*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on March 2, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email:

Bradley A. Levin
Jeremy A. Sitcoff
Elizabeth A. Walker
Levin Sitcoff PC
1512 Larimer Street, Suite 650
Denver, CO  80202
bal@levinsitcoff.com
jas@levinsitcoff.com
eaw@levinsitcoff.com

*s/Kelsey Kern on behalf of Anthony C. Barbe*