| | |
|---|---|
| **DISTRICT COURT, COUNTY OF BOULDER, COLORADO**<br>Boulder Justice Center<br>1777 Sixth St.<br>Boulder, CO  80302 | DATE FILED: August 27, 2017 11:34 PM<br>FILING ID: 19181A26D255D<br>CASE NUMBER: 2017CV30848 |
| **Plaintiffs:  CHABAD CENTER AT THE UNIVERSITY OF COLORADO, INC., and 909 14TH STREET LLC**<br><br>v.<br><br>**Defendant:  CHURCH MUTUAL INSURANCE COMPANY** | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Bradley A. Levin, Reg. No. 13095<br>Jeremy A. Sitcoff, Reg. No. 29393<br>Elizabeth A. Walker, Reg. No. 47102<br>**LEVIN SITCOFF PC**<br>1512 Larimer Street, Suite 650<br>Denver, CO  80202<br>Phone: (303) 575-9390<br>Fax:  (303) 575-9385<br>bal@levinsitcoff.com<br>jas@levinsitcoff.com<br>eaw@levinsitcoff.com | |

### COMPLAINT AND JURY DEMAND

Plaintiffs, Chabad Center at the University of Colorado, Inc. and 909 14th Street LLC, by and through their attorneys, LEVIN SITCOFF PC, for their Complaint and Jury Demand against Defendant, Church Mutual Insurance Company, state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Chabad Center at the University of Colorado, Inc. ("Chabad"), is a Colorado Nonprofit Corporation doing business in the State of Colorado.

2. Plaintiff, 909 14th Street LLC ("14th Street"), is a Colorado Limited Liability Company doing business in the State of Colorado.

EXHIBIT 1

3. Upon information and belief, Defendant Church Mutual Insurance Company ("Church Mutual") is incorporated under the laws of the State of Wisconsin, with its principal place of business in Merrill, Wisconsin. Church Mutual is registered to do and is doing business in the State of Colorado.

4. This Court has jurisdiction over the subject matter of this action because the Defendant conducts business in Colorado as described above and herein.

5. Pursuant to C.R.C.P. 98(c), venue is proper in this county, which the Plaintiffs designate as the place of trial of this action.

## GENERAL ALLEGATIONS

6. Chabad is a Jewish religious institution on the campus of the University of Colorado, Boulder. It conducts services, holds prayer and other meetings, and generally serves as a focal point for Jewish observance on the Boulder campus at the College Student Center ("Center") located in the multi-use building 909 14th St., Boulder, Colorado 80302, owned by 14th Street.

7. On August 28, 2015, Chabad hosted a Shabbat celebration at the Center, which included the ritual of lighting Sabbath candles. After the conclusion of the celebration, the candles were left to burn out as is the Jewish custom.

8. As observed on Chabad's security camera footage, a small piece of paper was blown by the air conditioning into the flame of one of the candles and began to smoke up the room. Smoke continued to accumulate for approximately 45 minutes.

9. At approximately 11:15p.m., the accumulated smoke triggered the Center's fire sprinkler system. The combination of the fire/smoke and water caused damage to the Center.

10. This event occurred immediately prior to the holiest period of the Jewish calendar year, which includes multiple observational events and is consequently the time when Chabad receives the largest portion of donations from the community.

11. Plaintiffs are insured under an insurance policy providing property liability coverage among others, Policy No. 0314561-02-818445 (the "Policy") issued by Church Mutual for the policy period July 6, 2015 through July 6, 2018.

12. The Policy includes a limit of $2,405,000 for building coverage, a limit of $360,000 for personal property coverage, and a per occurrence limit of $250,000 for institutional income and extra expense coverage.

13. After discovering the loss at the Center, Plaintiffs provided notice of the loss to Church Mutual.

14. Upon information and belief, Church Mutual hired a third-party administrator, Leading Edge Claims Service, to adjust Plaintiffs' claim.

15. The process of repairing and adjusting Plaintiffs' claim quickly became adversarial. Ms. Simpson repeatedly pushed untenable options for rental space and fought vendors over repair plans.

16. The claim process dragged on for over a year while Chabad continued to lose business income in the form of rental contracts for events at the Center as well as donations.

17. To date, Church Mutual has failed to properly adjust and reimburse Plaintiffs' for damages and losses relating to their claim.

18. All conditions precedent to coverage have been waived and/or excused by the conduct of Church Mutual.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

19. Plaintiffs reallege each and every allegation of their Complaint and Jury Demand as if fully set forth herein.

20. The Policy constitutes a contract of insurance.

21. Plaintiffs have duly performed or satisfied each and every covenant and/or condition of the Policy to be performed or have been excused from so performing as a result of Church Mutual's material breach of the insurance agreement.

22. Church Mutual owed duties to Plaintiffs under the Policy to investigate, adjust, and settle the claim related to the loss at the Center.

23. The actions by Church Mutual, as described above, constitute a breach of the insurance contract.

24. As a result of Church Mutual's breach of insurance contract, Plaintiffs are entitled to damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH BREACH OF INSURANCE CONTRACT)

25. Plaintiffs reallege each and every allegation of their Complaint and Jury Demand as if fully set forth herein.

26. The Policy is a contract between Church Mutual and Plaintiffs, and by its acts and omissions, Church Mutual breached the contract by a course of conduct that deprived Plaintiffs of their rights and benefits under the contract, which resulted in damages and injuries to Plaintiffs.

27. Church Mutual's conduct was unreasonable and fell below the statutory and common law standards of care applicable to insurers in the State of Colorado pertaining to the investigation and handling of claims, violates the implied covenant of good faith and fair dealing contained in the Policy, and constitutes the tort of bad faith breach of insurance contract.

28. Church Mutual's actions were unreasonable and committed in disregard of its insureds' reasonable expectations.

29. Church Mutual breached its duty of good faith and fair dealing by its actions, which include, without limitation, the following unreasonable acts:

   a. Depriving Plaintiffs of the benefits and protections of the Policy;

   b. Failing to conduct an adequate investigation of Plaintiffs' claim;

   c. Compelling Plaintiffs to institute litigation to secure benefits under the Policy;

   d. Engaging in conduct prohibited by C.R.S. §§ 10-1-101, 10-3-1104(1)(h)(III), (1)(h)(IV), and 10-3-1113; and

   e. Other conduct to be revealed in discovery.

30. Church Mutual knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

31. As a direct and proximate result of Church Mutual's bad faith breach of the insurance contract, Plaintiffs have suffered damages in amounts to be proved at trial.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. §§ 10-3-1115 AND 10-3-1116)

32. Plaintiffs reallege each and every allegation of their Complaint and Jury Demand as if fully set forth herein.

33. C.R.S. § 10-3-1115 forbids those engaged in the business of insurance from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

34. Church Mutual delayed and/or denied payment of the claim for coverage under the Policy without a reasonable basis within the meaning of C.R.S. § 10-3-1115.

35. Plaintiffs are a first-party claimant under C.R.S. § 10-3-1115.

36. Church Mutual's actions, as described herein, violate C.R.S. § 10-3-1115.

37. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied may bring an action in a Colorado district court to recover reasonable attorneys' fees and court costs, plus two times the covered benefit.

38. Plaintiffs bring this claim to recover their reasonable attorneys' fees and court costs, plus two times the covered benefits pursuant to C.R.S. § 10-3-1116.

**WHEREFORE**, Plaintiffs, Chabad Center at the University of Colorado, Inc. and 909 14th Street LLC, respectfully request that judgement be entered in their favor and against Defendant, Church Mutual Insurance Company, as follows:

a. For compensatory damages in amounts to be proved at trial;

b. For two times the amount of covered benefits unreasonably delayed or denied pursuant to C.R.S. §10-3-1116;

c. For reasonable attorneys' fees and costs of suit herein;

d. For all interest, statutory or moratory, allowed by law;

e. For such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 27th day of August, 2017.

Respectfully submitted,

**LEVIN SITCOFF PC**


*/s/ Elizabeth A. Walker*
Bradley A. Levin
Jeremy A. Sitcoff
Elizabeth A. Walker
*Attorneys for Plaintiffs*

Plaintiffs' Addresses:
Chabad Center at the University of Colorado, Inc.
909 14th Street
Boulder, Colorado  80302

909 14th Street LLC
1140 Highway 287, Suite 400-290
Broomfield, Colorado 80020